ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | No. 4:15-CR-152-A-2 |
| | § | |
| | § | |
| | § | |
| JAMES GATLIN (2) | § | |

## DEFENDANT'S MOTION TO DISQUALIFY

COMES NOW, JAMES GATLIN, Defendant, by and through the undersigned counsel, and respectfully submits his *Motion to Disqualify* pursuant to 28 U.S.C. § 455 (a) and (b)(1), and requests that the Honorable Court recuse itself from any further participation in this matter, and in support thereof would show as follows:

<u>The Factual Predicate: the Court's Policy Regarding Departures Made Pursuant to U.S.S.G. § 5K1.1</u>

*The Court's Prohibition Against the Government's Evaluation*

1.      While the Government has filed a *Motion for Downward Departure* pursuant to U.S.S.G. § 5K1.1, it is deprived of the "government's evaluation of the assistance rendered." See, § 5K1.1(a)(1) (Dkt. No. 210).  In response to counsel's inquiries regarding the Government's intent to provide this evaluation to the Court, AUSA Shawn Smith has informed counsel that, "Judge McBryde doesn't accept recommendations." (See attached, Exhibit A - E-mail of AUSA Smith).

*An Initial Matter: Substantiating the Court's Policy*

2.      Counsel acknowledges that while this Court has the authority to adjudicate this motion

pursuant to 28 U.S.C. § 455, should the factual predicate be disputed - that is, the existence of the

Court's policy - by either the Court or the Government, counsel requests that the Court recuse itself

from proceeding on this motion, so that counsel may, respectfully, make inquiries of the Court and/or

Government as would be necessary to prove the Court's policy as alleged.  However, in the absence

of any challenge to the veracity of the Court's policy - as alleged - this Court may proceed with to

adjudicate this motion.

*The Basis For Disqualification*

3.      Defendant seeks disqualification pursuant to 28 U.S.C. § 455; specifically,

   (a) Any justice, judge, or magistrate [magistrate judge] of the United States shall disqualify
       himself in any proceeding in which his impartiality might reasonably be questioned.

   (b) He shall also disqualify himself in the following circumstances:

         (1) Where he has a personal bias or prejudice concerning a party, or personal
             knowledge of disputed evidentiary facts concerning the proceeding;

         See, *28 U.S.C. § 455(a) and (b)(1)*

         *The Court's Policy In the Context of 28 U.S.C. § 455*

4.      Counsel respectfully submits that the Court's prohibition against the Government's

providing the Court with the "government's evaluation of the assistance rendered" is contrary to

both § 5K1.1(a)(1) and controlling precedent.

5.      In *United States v. Desselle*, the court held that, "Although the enumerated reasons are

not the only factors a court may consider in determining the extent of the § 5K1.1 departure, **a**

**court must begin to assess a § 5K1.1 departure using the criteria listed by the Guidelines.**"

*Desselle*, 450 F.3d 179, 182 (5th Cir. 2006)(Emphasis added.) Thus, notwithstanding the district

court's great discretion regarding § 5K1.1 departures, consideration of these factors - including

the Government's evaluation - is mandatory.

> *An Objection to the Court's Policy Is Insufficient: Disqualification Is the Only Remedy*
> *Given the Bias Revealed by the Court's Policy*

6.      Section 455 requires a judge to disqualify himself when "his impartiality might

reasonably be questioned." *United States v. Olis*, 571 F. Supp. 2d 777, 791 *36-37 (S.D. Tex.

2008). Specifically, by limiting information that is statutorily created to allow a defendant to

receive the benefit - the *full benefit* - of his cooperation, the Court is depriving the defendant of

due process.

7.      Equally significant is that the Court's prohibition of this evidence regarding the extent of

the Government's evaluation of how the defendant should benefit from his cooperation creates a

reasonable apprehension that the Court is not merely biased, but has also prejudged the sentence.

8.      Common experience - and sense - yield only one conclusion: that is, when a party to a

dispute says they "don't want to hear anything else" there is but one implication: that party has

made up there mind.

9.      Based on the foregoing, counsel respectfully request that the Court take additional

arguments from counsel at a live hearing, and then grant this motion.

Respectfully submitted,

MICHAEL LEVINE
Texas State Bar No. 24009767
Nawaz & Levine L.L.P.
325 N. St. Paul Street
Suite 2100
Dallas, Texas 75201
Telephone: 214.741.6500
Facsimile: 214.741.6509
E-mail: mp.levine@yahoo.com

## CERTIFICATE OF CONFERENCE

I certify that I was unable to confer with counsel for the Government, A.U.S.A. Shawn Smith, regarding Defendant's requests, based on the belated filing of this motion.

MICHAEL LEVINE

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2016, I had this document hand-delivered to the chambers of the Honorable JOHN H. MCBRYDE, United States District Court Judge. I also served this document upon Assistant United States Attorney Shawn Smith by e-mail, at shawn.smith2@usdoj.gov as well as upon U.S.P.O. Mirenda Kirksey by e-mail, at mirenda_kirksey@txnp.uscourts.gov.

MICHAEL LEVINE

EXHIBIT A

E-MAIL FROM AUSA SMITH

Fw: Fwd: James Gatlin

Friday, January 29, 2016 4:24 AM
 Mark as Unread

                                                                  **From:**

      "Michael Levine" <mp.levine@yahoo.com>

                                                                       **To:**

      "Maulcia Reece" <maulcia@yahoo.com>

                                                             Full Headers Printable View

**From:** "Smith, Shawn (USATXN) 7" <Shawn.Smith2@usdoj.gov>
**Date:** January 28, 2016 at 1:35:37 PM CST
**To:** Michael Levine <mp.levine@me.com>
**Subject: Re: James Gatlin**

Judge McBryde doesn't accept recommendations.

Sent from my iPhone

On Jan 28, 2016, at 1:26 PM, Michael Levine <mp.levine@me.com> wrote:

Dear Shawn,

I hate to bother you, but if you would, I'd be really grateful if you'd shoot me an email letting me know what your recommendation is going to be in regards to your evaluation of Gatlin's assistance - that is, the amount off.

I won't quibble with it - I just need to know as it will have a great impact in regards to how I will proceed tomorrow.

Thanks so much,

Michael Levine

Sent from my iPhone